IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTINA HARRINGTON                                                        PLAINTIFF

v.                                        CIVIL NO. 19-cv-05123

ANDREW SAUL, Commissioner                                                   DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Christina Harrington, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her applications for DIB and SSI on March 20, 2015. (Tr. 21). In her applications, Plaintiff alleged disability beginning on January 1, 2013, due to anxiety, depression, and bipolar disorder. (Tr. 21, 289). An administrative hearing was held on February 22, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 21, 36-61).

On June 28, 2018, the ALJ issued an unfavorable decision. (Tr. 18). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: major depressive disorder, bipolar disorder, and anxiety. (Tr. 23-). After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of

1

Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 24-25). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: limited to simple, routine, repetitive tasks not performed in a fast-paced production environment and involving only simple, work-related decisions and in general relatively few workplace changes; limited to occasional interaction with coworkers and the general public.
> (Tr. 23-28).

The ALJ found Plaintiff had no past relevant work. (Tr. 28). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of laundry worker, kitchen helper, or housekeeper/cleaner. (Tr. 29). The ALJ found Plaintiff was not disabled from January 1, 2013, through the date of his decision. (Tr. 30).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 18, 20).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent

positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal: 1) Whether the ALJ properly evaluated the severity of Plaintiff's impairments at step two; 2) Whether the ALJ improperly discounted Plaintiff's credibility; and 3) Whether substantial evidence supports the ALJ's decision that Plaintiff can perform other work that exists in significant numbers in the national economy. (Doc. 18).  More specifically, Plaintiff raises 8 issues on appeal. Id. First, Plaintiff argues that the ALJ erred in not adopting the hypothetical posed to the VE that included missing five days of work a month, and the VE's testimony that missing that much work would eliminate all work. Id. Second, Plaintiff argues the ALJ erred in assessing her impairments regarding affective anxiety and organic mental disorders. Id. Third, Plaintiff argues the ALJ erred in the evaluation of the third-party function report from her uncle. Id. Fourth, Plaintiff argues the impact of her child's death on her mental health was not considered. Id. Fifth, Plaintiff argues the ALJ erroneously found her treatment began in 2015, when it actually began in 2013 at Florida Behavioral. Id. Sixth, Plaintiff argues the ALJ did not consider the side effects of her medications. Id. Seventh, Plaintiff argues another patient's hospital records were used as evidence on the disc she was provided. Id. Eighth, Plaintiff argues she has a pending social security case open with continuing evidence to show that her impairments are permanent, debilitating, and real. Id.

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 24th day of July 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE